UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Addison, # 243778, ) | C/A No. 4:11-2936-CMC-JDA |
| Plaintiff, ) | |
| vs. ) | Report and Recommendation |
| ) | (remand to state court) |
| Charleston County Public Defenders, and ) | |
| Lorelle Proctor, Public Defender, ) | |
| Defendants. ) | |

This case was removed to the United States District Court for the District of South Carolina by the defendants in a state court action filed by Plaintiff, *pro se*, in the South Carolina Court of Commons Pleas, Fifteenth Judicial Circuit, in Horry County.

**FACTUAL BACKGROUND**:

According to the state court civil complaint and state petition for writ of habeas corpus, each of which was removed together and each of which indicates on its face that it was filed in Horry County Court of Common Pleas on August 25, 2011, the removing Defendants were involved as defense counsel in at least one, but possibly more, of Plaintiff's previous South Carolina state criminal cases. Plaintiff claims that he was wrongfully convicted and that Defendants failed to properly represent him and, thereby, contributed to and are potentially liable for his allegedly wrongful South Carolina convictions.

Following initial review of the Notice of Removal (ECF No. 1) and the attached state-court pleadings, this United States Magistrate Judge determined that the content of the

state court pleadings, when viewed along with the allegations of "federal question jurisdiction" made in the Notice of Removal, were ambiguous with regard to whether or not Plaintiff's allegations were intended to raise any federal-law-based claims or whether, on their face, the allegations raised only claims governed by South Carolina state law. Thus, Plaintiff was directed to inform the Court of whether or not he intended to raise any federal claims pursuant to 42 U.S.C. § 1983 or any other federal law, or whether he only intended to pursue state-law-based claims in his Horry County case. (ECF Nos. 10,16).

Plaintiff responded – somewhat ambiguously at first, but ultimately clearly – that only state-law-based claims were intended to be pursued in the case he filed in Horry County, specifically denying an intent to bring a § 1983 (or other federal civil rights) claim in the state court action. (ECF Nos. 13,14, 19). Defendants responded without disputing Plaintiff's factual assertions, but with a reservation of "the right to file responsive pleadings to Plaintiff's initial Complaint, Petition for Habeas Corpus, and Motion to Proceed *in forma pauperis.*" (ECF No. 24). Although not completely clear, it appears that this reservation would apply to defense filings still to be made in the state court action should this recommendation be adopted at the case remanded to Horry County.

## DISCUSSION

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Various federal courts have held that the

removal statutes are to be construed *against* removal jurisdiction, and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc*., 758 F. Supp. 1098, 1102 (D.S.C. 1990)(collecting cases); *Bellone v. Roxbury Homes, Inc*., 748 F. Supp. 434, 436 (W.D. Va. 1990).

Applicable case law and statutory law, including 28 U.S.C, § 1447(c), provide that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. *See Buchner v. Federal Deposit Ins. Corp*., 981 F.2d 816, 818 (5th Cir. 1993)("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."); *Page v. Wright*, 116 F.2d 449, 451-455 (7th Cir. 1940). *Cf. Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)(jurisdictional ruling cannot be made prospective only). As a result, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court should still remand the case to state court if there is no federal question jurisdiction or diversity jurisdiction evident from the face of the state court complaint and the notice of removal. *Ellenburg v. Spartan Motor Chassis, Inc*., 519 F.3d 192 (4th Cir. 2008).

Although a federal court is not bound by the parties' characterization of a case, a district court must first look at the plaintiff's complaint filed in a state court to determine if either federal question or diversity jurisdiction is present. *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334 (E.D.N.C. 1992). District courts are authorized to disregard such characterizations only to avoid "unjust manipulation or avoidance of its jurisdiction." *Id*. at 334-35. Interestingly, although the removing Defendants assert that this Court has federal

3

question jurisdiction (28 U.S.C. § 1331) "over this action . . . in that the Complaint alleges causes of action under 42 U.S.C. §§ 1981, 1983, and 1988, and the deprivation of constitutional rights secured by the Constitution and laws of the United States of America," (ECF No. 1) review of the "Complaint" itself discloses no reference to or citation of any federal law, constitutional provision, or treaty provision as a basis for any of Plaintiff's claims. The only references made by Plaintiff to any specific "laws" are to South Carolina state statutes and rules of procedure. The allegations in the state-court complaint simply do not support the removing Defendants' claims of federal subject-matter jurisdiction, and Plaintiff's responses to the Court's specific inquiry into his "intent" show only state-law-claims to be intended.

Just because a complaint is filed by prisoner and the facts arise from prison conditions or conditions that ended up with him in prison does not invariably show that claims are being made under the "federal civil rights statutes" (§§ 1981, 1983, 1988). Instead, as the master of his complaint, even a state prisoner, as here, claiming violations of some of his rights can decide to pursue issues in state court, relying on state law, and without reliance on federal statutes, assuming the rights claimed are also protected by state constitutions, rules, and/or statutes. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392n. 7(1987); *see, e.g., McBrearty v. Ky. Comty., Tech. College Sys.*, No. CIV.A. 06-CV-197KSF, 2006 WL 2583375, *6 (E.D. Ky. Sept. 7, 2006) ("Where a plaintiff chooses to assert only state law claims, recharacterizing it as a federal claim is generally prohibited"). Under this circumstance, the state court complaint controls, and this case should be remanded to Horry County to permit Plaintiff to go forward with his claims. Because Plaintiff, when questioned by the Court, specifically renounced any intent to pursue federal

claims, this case should be remanded to the Court of Common Pleas for Horry County without prejudice to Defendants' filing responsive pleadings to those on the state court docket at the time of removal because no federal jurisdiction is evident from the face of the pleadings. *See* 28 U.S.C. § 1447(c); *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993).

## RECOMMENDATION

The law in this Circuit is unclear whether an order or a Report and Recommendation should be entered in this case, *see Long v. Lockheed Missiles & Space Co.*, 783 F. Supp. 249 (D.S.C. 1992). In *First Union Mortg. Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000), however, the Court of Appeals for the Tenth Circuit held that a remand order is a dispositive action that must be made by a district court to survive Article III scrutiny. Accordingly, for the foregoing reasons, it is *recommended* that this matter be remanded to the Court of Common Pleas for the County of Horry *without prejudice* to Defendants' rights to file responses to any of Plaintiff's filings in the state court.

Since this is only a recommendation, **IT IS ORDERED** that the Office of the Clerk of Court shall not immediately certify this Order to the Court of Common Pleas for Horry County. If both parties in this case fail to file written objections to this Report and Recommendation within fourteen (14) days after this document is filed, or, if either party files written objections to this Report and Recommendation within fourteen (14) days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any objections to a United States District Judge for a final disposition.

The parties' attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin

Jacquelyn D. Austin
United States Magistrate Judge

December 8, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 E. Washington Street, Rm. 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).